Ben A. Kaplan
**CHULSKY KAPLAN LLC**
280 Prospect Ave. 6G
Hackensack, NJ 07601
Phone: (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff(s)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ERIC JONES, on behalf of himself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>FIRSTCREDIT, INCORPORATED and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

**LOCAL CIVIL RULE 10.1 STATEMENT**

1. The mailing addresses of the parties to this action are:

    ERIC JONES
    440 Washington Avenue
    Burlington, New Jersey 08016

    FIRSTCREDIT, INCORPORATED
    3250 W Market Street, Suite 304
    Fairlawn, Ohio 44333

**PRELIMINARY STATEMENT**

2. Plaintiff on behalf of himself and all others similarly situated ("Plaintiff"), by and through his attorneys, alleges that the Defendant, FIRSTCREDIT, INCORPORATED

("FIRSTCREDIT") and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

4. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

5. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

6. Plaintiff is a natural person, a resident of Burlington County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. FIRSTCREDIT maintains a location at 3250 W Market Street, Suite 304, Fairlawn, Ohio 44333.

8. FIRSTCREDIT uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9. FIRSTCREDIT is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

> All New Jersey consumers who were sent letters and/or notices by FIRSTCREDIT attempting to collect a debt, which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined. The Class period begins one year prior to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

> a. <u>Numerosity:</u> The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that

violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50) persons (*See* **Exhibit A**). The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

b. Commonality: There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

   i. Whether the Defendants violated various provisions of the FDCPA;

   ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

   iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

   iv. Whether Plaintiff and the Class are entitled to declaratory relief.

c. Typicality: Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d. Adequacy of Representation: Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will

fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

14. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

15. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

16. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

17. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18. At some time prior to February 5, 2020, Plaintiff allegedly incurred a financial obligation to VIRTUAL WILLINGBORO HOSPITAL ("WILLINGBORO HOSPITAL"), a medical service provider.

19. The WILLINGBORO HOSPITAL obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

20.     Plaintiff incurred the WILLINGBORO HOSPITAL obligation by obtaining goods and services which were primarily for personal, family and household purposes.

21.     The WILLINGBORO HOSPITAL obligation did not arise out of a transaction that was for non-personal use.

22.     The WILLINGBORO HOSPITAL obligation did not arise out of a transaction that was for business use.

23.     The WILLINGBORO HOSPITAL obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

24.     WILLINGBORO HOSPITAL and/or its predecessor is a "creditor" as defined by 15 U.S.C. § 1692a(4).

25.     On or before February 5, 2020, the WILLINGBORO HOSPITAL obligation was allegedly referred to FIRSTCREDIT for the purpose of collection.

26.     FIRSTCREDIT uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

27.     Defendants caused to be delivered to Plaintiff a letter dated February 5, 2020, which was addressed to Plaintiff and sought a balance of $385.  A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

28.     The February 5, 2020 letter was sent to Plaintiff in connection with the collection of the WILLINGBORO HOSPITAL obligation.

29.     The February 5, 2020 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

30. Upon receipt, Plaintiff read and relied on the statements contained the February 5, 2020 letter.

31. The February 5, 2020 letter stated in part:



32. The February 5, 2020 letter also stated in part:

This is a communication from a debt collector.  This is an attempt to collect a debt, any information obtained will be used for that purpose.

NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION

Save Time. Pay your account ONLINE at www.fcipayments.com! Pay by Electronic Check(ACH) as it is always free or pay by Visa or MasterCard*. It's fast, secure and convenient! (***A $3.50 Convenience Fee applies to all Visa and MasterCard Payments.**) (emphasis added)

33. There is no agreement between Plaintiff and others similarly situated and their respective creditors expressly authorizing the $3.50 convenience and/or service fee.

34. There is no law which permits a $3.50 convenience and/or service fee to be charged to Plaintiff and others similarly situated.

35. The $3.50 convenience and/or service fee is not a fee imposed on Plaintiff and others similarly situated by their respective credit card companies such as MasterCard or Visa.

36. FIRSTCREDIT does not incur a $3.50 convenience and/or service fee when accepting credit card payments.

37. FIRSTCREDIT does not incur a $3.50 convenience and/or service fee when accepting credit card payments of $35 or less.

38. FIRSTCREDIT makes a profit by charging the $3.50 convenience and/or service fee for Visa and MasterCard payments.

39. FIRSTCREDIT is prohibited from charging a fee to a customer by its contract or agreement with its credit card processor.

40. FIRSTCREDIT is prohibited from charging a fee to a customer by its contract or agreement with Visa and MasterCard.

41. FIRSTCREDIT knew or should have known that its actions violated the FDCPA.

42. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

43. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

    (a)    Using false, deceptive or misleading representations or means in connection with the collection of a debt;

    (b)    By making false representations of the compensation which may be lawfully received by any debt collector for the collection of a debt;

    (c)    Using unfair or unconscionable means to collect or attempt to collect any debt; and

    (d)    Collecting or attempting to collect any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

44.    Defendants sent written communications in the form annexed hereto as **Exhibit A** to at least 50 natural persons in the state of New Jersey within one year of this Complaint.

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

45.    Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

46.    Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

47.    Defendant's letters would cause the least sophisticated consumer to be confused about his or her rights.

48.    Defendant's imposition of a $3.50 convenience and/or service fee for credit card payments would cause the least sophisticated consumer to believe that the fee was authorized by an agreement with the original creditor.

49.    Defendant's imposition of a $3.50 convenience and/or service fee for credit card payments would cause the least sophisticated consumer to believe that the fee was authorized by law.

50. Defendant engaged in false, deceptive, or misleading representations or means in violation of 15 U.S.C. §§ 1692e, 1692e(2)(B), and 1692e(10).

51. Defendant engaged in unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §§ 1692f and 1692f(1).

52. By imposing a $3.50 convenience and/or service fee for credit card payments made by Plaintiff and others similarly situated, Defendant engaged in false, deceptive, or misleading representations or means in violation of 15 U.S.C. §§ 1692e, 1692e(2)(B) and 1692e(10).

53. By imposing a $3.50 convenience and/or service fee for credit card payments made by Plaintiff and others similarly situated, Defendant engaged in unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692f.

54. Defendant violated 15 U.S.C. § 1692e of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

55. Defendant violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with its attempts to collect debts from Plaintiff and others similarly situated.

56. Section 1692e(2)(B) of the FDCPA prohibits a debt collector from making a false representation of any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

57. Defendant violated 15 U.S.C. § 1692e(2)(B) by making false representations that it was entitled to a $3.50 convenience and/or service fee for payments made by credit card.

58. Section 1692e(10) of the FDCPA prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

59. Defendants' conduct as described herein constitutes false representations or deceptive means to collect or attempt to collect any debt.

60. Section 1692f *et seq.* of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

61. Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

62. Section 1692f(1) of the FDCPA prohibits the collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

63. Defendant violated 15 U.S.C. § 1692f(1) by collecting and/or attempting to collect a $3.50 convenience and/or service fee for payments made by credit card when the fee was not expressly authorized by the agreement creating the debt or permitted by law.

64. Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

65. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

66. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

67. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

68. Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

69. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

70. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: February 5, 2021                                         Respectfully submitted,

By:   *s/ Ben A. Kaplan*
Ben A. Kaplan, Esq. (NJ 0337712008)
CHULSKY KAPLAN, LLC
280 Prospect Avenue, 6G
Hackensack, New Jersey 07601
Phone (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

Dated: February 5, 2021

*s/ Ben A. Kaplan*
Ben A. Kaplan, Esq. (NJ 0337712008)
CHULSKY KAPLAN, LLC
280 Prospect Avenue, 6G
Hackensack, New Jersey 07601
Phone (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff